FILED-ED4

IN THE UNTIED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS 2004 NOV 22 PM 3: 36
EASTERN DIVISION

CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| James Stone,<br><br>Plaintiff,<br><br>v.<br><br>Feldco Factory to You, LLC, d/b/a Feldco Factory Direct, and Doug Cook,<br><br>Defendants. | 04C 7574<br><br>JUDGE DER-YEGHIAYAN<br><br>MAGISTRATE JUDGE NOLAN |

DOCKETED
NOV 2 3 2004

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.*, THE ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/4a, and THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601, *et seq.***

Plaintiff James Stone, by and through his attorneys Aaron B. Maduff of Maduff, Medina & Maduff, for his complaint against the Defendants, allege and state as follows:

**Introduction**

1. Plaintiff, James Stone, suffers from a condition known as eczema, a condition which causes boils to appear over the entirety of his body. The eczema also caused cellulitis. In addition to the cellulitis and the eczema, and probably related to those conditions, Mr. Stone also suffers from dangerously high blood pressure. Although these conditions had existed prior to 2004, it was not until April of 2004 that they became dangerous. As a result of these conditions and the high doses of medications required to control them, Mr. Stone suffered complications which required him to take multiple half days for medical visits, several full days for visits to specialized medical facilities, and was twice admitted to the hospital for several days at a time. Mr. Stone informed his supervisors when he would be needing to take a leave of absence as soon as he was able, in many cases before



1-1

he actually took the leave. Defendant never offered Mr. Stone FMLA (though until September of 2004 no one challenged any of the days for which he took leave). In late September, 2004, upon informing Defendant of another needed medical day he was first told that his job was in jeopardy. On September 21, 2004 upon directly addressing the leave issue to his supervisor he was terminated for excessive absenteeism.

2. In addition to the FMLA violations Jim also pleads a violation of the Fair Labor Standards Act and the Illinois Minimum Wage law. He had worked as a measuring technician and later as a service technician for Defendant Feldco Factory Direct from 1991 until his termination in September of 2004. Because of complaints of failure to pay overtime in the late 1990's, Feldco paid his overtime for his work for a period of approximately one year, but then ceased doing so. In the last three years, Plaintiff estimates that he has been denied pay for more than 800 hours of overtime.

**Parties**

3. Plaintiff, James Stone (hereinafter "Plaintiff" or "Jim") is a citizen of the state of Illinois, residing within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. At all times relevant to this Complaint, Jim has been an "eligible employee" for purposes of the Family and Medical Leave Act, 29 U.S.C. §2611(2), and was an "employee" of Defendants within the definitions of § 3(e) of the FLSA, 29 U.S.C. §203(e), and § 3(d) of the Illinois Minimum Wage Law, 820 ILCS 105/3(d).

4. Defendant Feldco Factory to You, LLC, d/b/a Factory Feldco Direct (hereinafter "Defendant Feldco" or "Feldco") is, on information and belief, a corporation licensed and doing business within the territorial limits of the United States District Court for the Northern District of

Illinois, Eastern Division. Defendant Feldco is and was at all times relevant to this Complaint, an "employer" within the definition of the FMLA, 29 U.S.C. §2611(4), and at all times for which this Complaint seeks unpaid overtime, was an "employer" and an "enterprise engaged in commerce or in the production of goods for commerce" within the definitions of §3(d) and §3(s) of the FLSA, 29 U.S.C. §§203(d), 203(s) and an "employer" within the definition of §3(c) of the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

5. Defendant Doug Cook (hereinafter "Defendant Cook" or "Cook"), at all times for which this Complaint seeks unpaid overtime, was an "employer" within the definitions of §3(d) and §3(g) of the FLSA, and § 3(c) of the Illinois Minimum Wage Law.

**Jurisdiction**

6. This court has jurisdiction based on 28 U.S.C. §1331 as this is an action arising under federal law for violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* and the Fair Labor Standard Act, 29 U.S.C. § 201 *et seq.*, and has supplemental jurisdiction pursuant to §1367 of the Judicial Code, 28 U.S.C. § 1367.

**Venue**

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because, on information and belief, all Defendants reside in this District and the facts giving rise to this cause of action occurred in this District.

**The Overtime Claim**

8. In 1991, Plaintiff began working for Defendant as a "technician," and was so employed in this capacity until the date of his termination on September 21, 2004.

9. Plaintiff worked as a technician in both the Service Department and the Product

Department, measuring, installing, and servicing doors and windows sold by Defendant to its customers.

November 22, 2001 to April 10, 2002 – Pay Rate of $14.38/hr

10. From approximately November 22, 2001 to April 10, 2002, Plaintiff was paid $29,900 per year, for a regular rate of pay of approximately $14.38 per hour.

11. During that time period, Plaintiff regularly worked 8 hours a day Monday through Friday though there were many days that were more than 8 hours. In addition, Plaintiff worked 3 Saturdays a month for a minimum of 4 hours and often more.

12. During that same period, there 20 Saturdays of which Plaintiff worked approximately 15 for a minimum of 60 overtime hours on Saturdays during that time period.

13. Therefore during the time period November 22, 2001 to April 10, 2002 Plaintiff worked a minimum of 60 overtime hours and probably more, but was never compensated for any of those overtime hours.

14. As a result, Plaintiff is owed in excess of $1,294.20 in overtime (60 x $21.57) for that time period.

April 11, 2002 to June 30, 2002 – Non-Busy Season Pay Rate $16.25/hr

15. From approximately April 11, 2002, until his termination in September 21, 2004, Plaintiff was paid $33,800 per year, or $16.25 per hour.

16. From April 11, 2002 until June 30, 2002 (the non-busy season) Plaintiff regularly worked 8 hours a day Monday through Friday though there were many days that were more than 8 hours. In addition, Plaintiff worked 3 Saturdays a month for a minimum of 4 hours and often more.

17. During that period, there 12 Saturdays of which Plaintiff worked approximately 8 for

a minimum of 32 overtime hours on Saturdays during that time period.

18. Therefore during that time period Plaintiff worked a minimum of 32 overtime hours and probably more, but was never compensated for any of those overtime hours.

19. As a result, Plaintiff is owed in excess of $780.16 in overtime (32 x $24.38) for that time period.

July 1, 2002 to October 31, 2002 – Busy Season, Pay Rate $16.25/hr

20. From July 1, 2002 until October 31, 2002 (the busy season) Plaintiff regularly worked 10 hours a day Monday through Friday though there were many days that were more than 10 hours. In addition, Plaintiff worked 3 Saturdays a month for a minimum of 8 hours and often more.

21. During that time period Plaintiff worked 89 week days. Plaintiff therefore accumulated a minimum of 178 hours of overtime on weekdays during that period.

22. During that same period, there 16 Saturdays of which Plaintiff worked approximately12 for a minimum of 96 overtime hours on Saturdays during that time period.

23. Therefore during that time period Plaintiff worked a minimum of 274 overtime hours and probably more, but was never compensated for any of those overtime hours.

24. As a result, Plaintiff is owed in excess of $6,680.12 in overtime (274 x $24.38) for that time period.

November 1, 2002 to June 30, 2003 – Non-Busy Season, Pay Rate $16.25/hr

25. From November 1, 2002 until June 30, 2003 (the non-busy season) Plaintiff regularly worked 8 hours a day Monday through Friday though there were many days that were more than 8 hours. In addition, Plaintiff worked 3 Saturdays a month for a minimum of 4 hours and often more

26. During that period, there 35 Saturdays of which Plaintiff worked approximately 27

for a minimum of 108 overtime hours on Saturdays during that time period.

27. Therefore during that time period Plaintiff worked a minimum of 108 overtime hours and probably more, but was never compensated for any of those overtime hours.

28. As a result, Plaintiff is owed in excess of $2,633.04 in overtime (108 x $24.38) for that time period.

<u>July 1, 2003 to October 31, 2003 – Busy Season, Pay Rate $16.25/hr</u>

29. From July 1, 2003 until October 31, 2003 (the busy season) Plaintiff regularly worked 10 hours a day Monday through Friday though there were many days that were more than 10 hours. In addition, Plaintiff worked 3 Saturdays a month for a minimum of 8 hours and often more.

30. During that time period Plaintiff worked 99 week days. Plaintiff therefore accumulated a minimum of 198 hours of overtime on weekdays during that period.

31. During that same period, there 17 Saturdays of which Plaintiff worked approximately 13 for a minimum of 104 overtime hours on Saturdays during that time period.

32. Therefore during that time period Plaintiff worked a minimum of 302 overtime hours and probably more, but was never compensated for any of those overtime hours.

33. As a result, Plaintiff is owed in excess of $7,362.76 in overtime (302 x $24.38) for that time period.

<u>November 1, 2003 to December 31, 2003 – Non-Busy Season, Pay Rate $16.25/h</u>

34. From November 1, 2003 until June 30, 2003 (the non-busy season) Plaintiff regularly worked 8 hours a day Monday through Friday though there were many days that were more than 8 hours. In addition, Plaintiff worked 3 Saturdays a month for a minimum of 4 hours and often more

35. During that period, there were 9 Saturdays of which Plaintiff worked approximately

7 for a minimum of 4 overtime hours on Saturdays during that time period.

36. However, because Plaintiff had medical appointments on April 8th, May25th, and May 27th, 2004, he worked only 4 hours those days.

37. Therefore during that time period Plaintiff worked a minimum of 16 overtime hours and probably more, but was never compensated for any of those overtime hours.

38. As a result, Plaintiff is owed in excess of $390.08 in overtime (16 x $24.38) for that time period.

<u>January 1, 2004 to September 21, 2004 (termination) – No Busy Season, Pay Rate $16.25/hr</u>

39. On January 1, 2004 until his termination on September 21, 2004, Plaintiff was a Service Technician.

40. Unlike being a Measure Technician as he had been, there is no busy-season for Service Technicians and therefore Plaintiff was strictly scheduled to 8 hours on weekdays and 4 hours on Saturdays.

41. During that time period, there were 32 Saturdays. Normally Plaintiff would have worked 4 hours of overtime for ¾ of those Saturdays 24 Saturdays for which he would have worked 4 hours overtime each for a total of 96 hours of overtime. However, because of time off due to hospitalizations, Plaintiff would not have received overtime in 11 of those weeks, 44 overtime hours, and would have received only 2 hours of overtime for three of those weeks because he had half days due to medical appointments. Since Plaintiff never received any overtime pay during that time period, Plaintiff is owed 49 hours for overtime worked.

42. As a result, Plaintiff is owed $1,194.62 in overtime (49 x $24.38) for that time period.

<u>Totals</u>

43. Plaintiff is therefore owed a total in excess of $20,334.98 in unpaid overtime.

44. In the late 1990's, Defendant did in fact pay Plaintiff overtime which shows that it was aware of its obligations under the Fair Labor Standards Act.

45. Therefore, Defendant should be required to pay Plaintiff liquidated damages in the same amount.

46. The total amount due therefore for failure to pay overtime is $40,669.96.

**The Family and Medical Leave Act claim**

47. Throughout 2004, Plaintiff had a series of serious medical conditions including high blood pressure and eczema which also caused cellulitis both of which required repeated doctor's visits and hospitalization.

48. At no time was FMLA leave offered to Plaintiff for the hospitalizations and continuous medical treatment

49. In treatment of these conditions, Plaintiff was put on extremely heavy doses of prednisone and antibiotics, and toprol and lisinopril.

50. for 31 days during the months of April through September of 2004, Plaintiff was hospitalized and/or missed work as a result of the cellulitis and/or the medications used to treat his conditions (which caused kidney failure and severe knee inflammations).

51. Plaintiff always informed his direct supervisor, Lou Lasacco, that he would need to take days for medical visits related to his conditions in advance.

52. On two occasions Plaintiff was hospitalized for several days. On those occasions he informed Mr. Lasacco that he was being admitted to a hospital within 24 hours of being admitted.

53. In addition, on or about September 18, 2004, Plaintiff spoke to Mark Jarnagan, Mr. Lasacco's boss, and specifically requested medical leave. Mr. Lasacco was not at work that day.

54. Mr. Jarnagan insisted that Plaintiff needed to be at work because his job was in jeopardy and he needed make any requests for leave to his direct supervisor, Mr. Lasacco.

55. Plaintiff therefore contacted Mr. Lasacco, on Monday September 20, 2004, the next day that Mr. Lasacco was back at work.

56. On Tuesday, September 21, 2004, when Plaintiff arrived at work, instead of offering Plaintiff the medical leave that he had requested, Lou Lasacco terminated Plaintiff's employment for excessive absenteeism.

## COUNT I

## DEMAND FOR RELIEF FOR FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 201, *et seq.*, THE FAIR LABOR STANDARDS ACT AGAINST ALL DEFENDANTS

57. Plaintiff restates and realleges paragraphs 1-46 as paragraph 57 of this Count I.

58. By virtue of the foregoing, Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, by failing to pay Plaintiff overtime due him.

59. By virtue of the foregoing, Defendants were aware that the FLSA applied to them or showed reckless disregard whether or not the FLSA applied to them.

60. Plaintiff's consent to be a plaintiff in this FLSA lawsuit, as required by § 16 (b) of the FLSA, 29 U.S.C. § 216(b), is attached to this Complaint as Exhibit A.

WHEREFORE, Plaintiff prays that this Court:

a. Order the defendants, jointly and severally, to produce all records of all hours worked

by each plaintiff and of all compensation received by plaintiff for the three years immediately preceding the filing of this lawsuit;

b. Enter judgment in favor of plaintiff and against the defendants, jointly and severally, for the amount shown to be due for the defendants' failure to pay overtime;

c. Enter judgment in favor of plaintiff and against the defendants, jointly and severally, for liquidated damages in an amount equal to the amount shown to be due plaintiff for the defendants' failure to pay minimum wage and overtime;

d. Enter judgment against the defendants, jointly and severally, for the plaintiff's reasonable attorneys' fees, expenses, and costs of this action; and

e. Award plaintiff such other relief as this Court deems just and appropriate.

## COUNT II

## DEMAND FOR RELIEF FOR FAILURE TO PAY OVERTIME IN VIOLATION OF 820 ILCS 105/4a THE ILLINOIS MINIMUM WAGE LAW

61. Plaintiff restates and realleges paragraphs 1-46 as paragraph 61 of this Count II.

62. By virtue of the foregoing, Defendants violated, 105 ILCS 5/4a, the Illinois Minimum Wage Law by failing to pay Plaintiff overtime due him.

63. By virtue of the foregoing, Defendants were aware that the Illinois Minimum Wage Law applied to them or showed reckless disregard whether or not the Illinois Minimum Wage Law applied to them.

WHEREFORE, Plaintiff prays that this Court:

a. Order the defendants, jointly and severally, to produce all records of all hours worked by plaintiff and of all compensation received by plaintiff for the three years

immediately preceding the filing of this lawsuit;

b. Enter judgment in favor of plaintiff and against the defendants, jointly and severally, for the amount shown to be due plaintiff for the defendants' failure to pay overtime;

c. Enter judgment in favor of plaintiff and against the defendants, jointly and severally, for punitive damages in the amount provided for by §12(a) of the Illinois Minimum Wage Law, 820 ILCS ¶105/12(a);

d. Enter judgment against the defendants, jointly and severally, for the plaintiff's reasonable attorneys' fees, expenses, and costs of this action; and

e. Award plaintiff such other relief as this Court deems just and appropriate.

**COUNT III**

**DEMAND FOR RELIEF**
**FOR VIOLATIONS OF 29 U.S.C. § 201, *et seq.***
**THE FAMILY AND MEDICAL LEAVE ACT**

64. Plaintiff restates and realleges paragraphs 1-56 as paragraph 64 of this Count III.

65. By virtue of the foregoing, Defendant Feldco violated 29 U.S.C. § 201 *et seq.*, the Family and Medical Leave Act by denying him requested leave for his serious medical condition and instead terminating him from his employment with Defendant.

66. As a result of these violations, Plaintiff suffered lost wages, salary, employment benefits, and other damage.

67. Also as a result of these violations, Plaintiff is due interest on the amount found to be due for violations of the FMLA.

68. The Defendant engaged in wilful disregard for Plaintiff's rights under the FMLA and

therefore had no reasonable grounds for believing that the acts described above were in accordance with the FMLA. Defendant's violations were not in good faith, thereby warranting the imposition of liquidated damages including interest.

WHEREFORE, Plaintiff prays that this Court:

Enter judgment in her favor and against Defendant Feldco for lost wages, salary, employment benefits, and other compensation, and interest on these lost pecuniary amounts in the form of back pay, front pay, as well as liquidated damages, and such other relief as this Court deems just and equitable. Plaintiff further asks that this Court enjoin Defendant from violating the FMLA in the future.

**JURY TRIAL DEMANDED**

Respectfully Submitted,

James Stone

By: Aaron B Maduff
One of his attorneys

Aaron B. Maduff
Atty. No. 06226932
Janice M. Pintar
Atty. No. 6278251
Maduff, Medina & Maduff
One East Wacker Dr., Suite 2122
Chicago, IL 60603
(312) 276-9000

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

James Stone,
Plaintiff,

v.

Feldco Factory Direct and Doug Cook
Defendants.

**Consent to Be a Plaintiff in a Fair Labor Standards Act Lawsuit**

1) I understand that this lawsuit is being brought under the United States Fair Labor Standards Act and other laws. I hereby consent to be a Plaintiff in this lawsuit. I understand that in signing and filing this Consent, I will be bound by any settlement of or judgment in this lawsuit.

2) I hereby appoint the law offices of Maduff, Medina & Maduff as my attorneys for the lawsuit in which those Fair Labor Standards Act claims are being brought.

3) I hereby further authorize the law offices of Maduff, Medina & Maduff to attach this Consent to the Fair Labor Standards Act Complaint, to file this Consent as part of that Complaint, and/or to otherwise file this Consent in Court.

November 9, 2004

Agreed:

James Stone
James Stone

EXHIBIT
A

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s): James Stone**

County of Residence: Cook

Plaintiff's Atty: Aaron B. Maduff
Maduff, Medina & Maduff
1 East Wacker Drive, Suite 2122, Chicago, Illinois 60601
312/276-9000

**Defendant(s):Feldco Factory to You, LLC, d/b/a Feldoc Factory Direct, and Doug Cook**

County of Residence: Cook

NOV 2 3 2004

Defendant's Atty:

04C 7574

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE NOLAN

---

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties **(Diversity Cases Only)**

Plaintiff:- **N/A**
Defendant:- **N/A**

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **442 Employment**

VI.Cause of Action: **FMLA and FLSA**

VII. Requested in Complaint

Class Action: **No**
Dollar Demand: **TBD**
Jury Demand: **Yes**

VIII. This case IS NOT a refiling of a previously dismissed case.

FILED-ED4
2004 NOV 22 PM 3:36
CLERK
U.S. DISTRICT COURT

---

**Signature:** Aaron B. Maduff

**Date:** 11/22/04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size**

1-2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

In the Matter of

James Stone

v.

Feldco Factory to You, LLC, d/b/a Feldco Factory Direct, Doug Cook

04C 7574

Case Number:

DOCKETED

NOV 2 3 2004

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

James Stone

JUDGE DER-YEGHIAYAN

MAGISTRATE JUDGE NOLAN

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE [signature] | | SIGNATURE [signature] | |
| NAME Aaron B. Maduff | | NAME Janice M. Pintar | |
| FIRM Maduff, Medina & Maduff | | FIRM Maduff, Medina & Maduff | |
| STREET ADDRESS 1 East Wacker, Suite 2122 | | STREET ADDRESS 1 East Wacker, Suite 2122 | |
| CITY/STATE/ZIP Chicago, Illinois 60601 | | CITY/STATE/ZIP Chicago, Illinois 60601 | |
| TELEPHONE NUMBER (312)276-9000 | FAX NUMBER (312)276-9001 | TELEPHONE NUMBER (312)276-9000 | FAX NUMBER (312)276-9001 |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06226932 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06278251 | |
| MEMBER OF TRIAL BAR? | YES ☑ NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ NO ☑ |
| TRIAL ATTORNEY? | YES ☑ NO ☐ | TRIAL ATTORNEY? | YES ☑ NO ☐ |
| | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☐ |

| (C) | | (D) | |
|---|---|---|---|
| SIGNATURE | | SIGNATURE | |
| NAME | | NAME | |
| FIRM | | FIRM | |
| STREET ADDRESS | | STREET ADDRESS | |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES ☐ NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ NO ☐ |
| TRIAL ATTORNEY? | YES ☐ NO ☐ | TRIAL ATTORNEY? | YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☐ |

FILED-ED4
2004 NOV 22 PM 3:36
CLERK
U.S. DISTRICT COURT

1-3